UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHAYSONE V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-316 RAJ <br><br> **ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals denial of his application for Supplemental Security Income, contending the ALJ erred by discounting his testimony and three treating doctors' opinions.  Dkt. 10.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 45 years old, has a limited education, and has worked as a mail

deliverer. Dkt. 8, Admin. Transcript (Tr.) 27-28. Plaintiff alleges disability as his June 2017 application date. Tr. 13. After conducting a hearing in September 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 35-74, 13-29. In pertinent part, the ALJ found Plaintiff's severe physical and mental impairments limited him to light-exertion, unskilled, simple work with limited public contact and no teamwork. Tr. 16, 18.

## DISCUSSION

### A.    Medical Opinions

The parties disagree as to the standard of review. Plaintiff contends the ALJ could not discount the treating doctors' controverted opinions without providing specific and legitimate reasons, while the Commissioner contends the ALJ was only required to "explain how he considered the factors of supportability and consistency." Dkt. 11 at 9. The Court need not address the dispute because, under either standard, the ALJ's reasons for discounting the opinions were sufficient.

### 1.    Michael Madwed, M.D.

In March 2017, Dr. Madwed wrote a letter describing Plaintiff's chronic conditions of severe diabetes with "marked polyneuropathy" that causes pain, low back pain with radiculopathy, and severe depression. Tr. 338. Dr. Madwed opined Plaintiff's conditions "limit severely his ability to work." *Id*. The ALJ gave this opinion little weight because it provided no specific function-by-function limitations and only concluded Plaintiff was disabled, a determination reserved to the Commissioner. Tr. 24-25. Plaintiff asserts Dr. Madwed's opinion describes functional limitations, but fails to identify any. Dkt. 10 at 4. The letter contains no information on how long or how much Plaintiff can stand, walk, sit, lift, concentrate, or perform any other work-related function. Because conclusory statements of disability are "inherently neither valuable nor persuasive to the issue of" Social Security disability, the ALJ was not required to give the letter any weight. 20 C.F.R. § 416.920b(c). The Court concludes the ALJ did not err by

discounting Dr. Madwed's opinion.

### 2. Eric Schoen, M.D.

Rheumatologist Dr. Schoen filled out a June 2018 Request for Medical Opinion form, stating he had been treating Plaintiff for bilateral hand neuropathy and opining Plaintiff could reach, hold, handle, or manipulate less than one-third of an 8-hour workday. Tr. 548. The ALJ gave this opinion little weight because it lacked any supporting explanation and conflicted with Dr. Schoen's own May 2018 clinical findings of no more than mild tenderness in one finger. Tr. 26 (citing Tr. 824). Plaintiff argues the May 2018 examination also shows tenderness and trace swelling in his feet, but fails to explain any relevance to his hand function. Dkt. 12 at 5. Plaintiff also notes Dr. Schoen's assessment of "[w]orsening bilateral hand pain secondary to progressive diabetic neuropathy." Tr. 825. However, according to the treatment note, Plaintiff's condition was worse compared to previously having *no* neuropathy in his hands. Tr. 824 ("Has longstanding stocking glove severe diabetic neuropathy in his lower legs and feet but not previously in his hands"). The ALJ permissibly discounted Dr. Schoen's opinion of extreme hand limitations as contradicted by his clinical findings showing only mild tenderness in one tendon in one finger, with otherwise completely normal hands and wrists. Tr. 824; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions). Plaintiff asserts, without any support in the record or other authority, that neuropathy is unrelated to tenderness. Dkt. 10 at 6. This conclusory statement fails to establish any error. Plaintiff identifies no clinical findings supporting Dr. Schoen's opinion that the ALJ failed to consider. The Court concludes the ALJ did not err by discounting Dr. Schoen's opinion.

### 3. Tobias Dang, M.D.

Dr. Dang filled out an August 2018 Request for Medical Opinion form, agreeing that Plaintiff's mental health interfered with performing simple, routine activities of daily

living on a regular basis.  Tr. 882-83.  Dr. Dang also agreed Plaintiff's reports that he could barely get out of bed two to three days per week were consistent with Plaintiff's reports to him during treatment and consistent with "the nature and severity of his depressive disorder."  Tr. 882.  The ALJ gave these opinions little weight because they were unsupported by any objective findings and inconsistent with Dr. Dang's own treatment notes, and because Plaintiff entered mental health treatment primarily to preserve his State benefits.  Tr. 26.

In an April 2018 treatment note, Plaintiff told Dr. Dang he was seeing friends weekly.  Tr. 808.  The ALJ found this inconsistent with Dr. Dang's opinion that Plaintiff's ability to "rarely visit his two friends when he is feeling more functional" was not inconsistent with "ongoing depression that is incapacitating on an intermittent basis."  Tr. 882, 26.  The ALJ reasonably concluded the ability to have weekly visits with friends undermined an opinion of incapacitating depression, more so than "rare" visits would.

Plaintiff planned a trip to California in July 2018.  Tr. 861, 876.  The ALJ reasonably found this inconsistent with Dr. Dang's opinion of an inability to get out of bed reliably.  Plaintiff argues the record does not reveal the activities required during such a trip and that he could have stayed in bed when his depression was severe.  However, the ALJ reasonably inferred a trip to California required getting out of bed reliably enough to board scheduled airline flights to and from his destination, and to engage in sufficient activities in California to make a trip worthwhile.  "If the evidence can reasonably support either affirming or reversing the [ALJ's] conclusion, the court may not substitute its judgment for that of the [ALJ]."  *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).  The ALJ's interpretation of the record was reasonable and must be upheld.

The Court concludes the ALJ did not err by discounting Dr. Dang's opinions.

**B.     Plaintiff's Testimony**

Plaintiff contends the ALJ erred by discounting his testimony because he failed to

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

properly evaluate the three opinions addressed above.  Dkt. 10 at 3.  Because the Court concludes the ALJ did not err in evaluating those opinions, the Court concludes the ALJ did not err by discounting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 14th day of September, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE
- 5